IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**BRENDA G. HARRISON**  **CASE NO.** 2:15-cv-11425

    **Plaintiff,**

v.

**SQUARETWO FINANCIAL CORPORATION**  **JURY DEMAND**
**dba CACH, LLC,**

    **Defendant.**  **COMPLAINT**

INTRODUCTORY STATEMENT

1. This action by a disabled, emotionally-fragile widow seeks damages for the defendant's illegal debt collection practices, as committed in violation of the Fair Debt Collection Practices Act and the West Virginia Consumer Credit and Protection Act.

JURISDICTION

2. Plaintiff's federal claims are brought under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, which includes a statutory grant of district court jurisdiction at 15 U.S.C. §1692k(d).

3. Plaintiff's related state law claims are properly before this Court pursuant to the grant of supplemental jurisdiction in 28 U.S.C. §1367.

4. Venue is proper in this district since it is where plaintiff's cause of action arose.

PARTIES

5. Plaintiff Brenda G. Harrison is an emotionally-fragile, disabled widow who resides in Kenna, Jackson County, West Virginia. Mrs. Harrison suffers physically from fibromyalgia, increasing brain plaques, thyroid dysfunction, and restricted cerebral blood flow.

6. Mrs. Harrison lost her husband of many years, Ronald Harrison, without warning on January 7, 2012 when he was killed in an auto accident.

7. Mrs. Harrison suffered a major, prolonged emotional breakdown at her husband's death. For months she insisted that he would be returning home at any time, running to the door every time it opened, convinced Ron had come home. For most of the time since his death Mrs. Harrison has been withdrawn, tearful, and unable to deal with the requirements of daily life.

8. Mrs. Harrison is still in exceedingly delicate mental and emotional health. She continues under medication for depression, anxiety, and emotional trauma and remains unable to think or talk about her husband without being emotionally overcome.

9. In connection with this action, Mrs. Harrison is a "consumer" as defined by 15 U.S.C. §1692a (3) and by W. Va. Code §46A-2-122(a).

10. Defendant SquareTwo Financial Corporation (SquareTwo) does business around the country through various trade names, including CACH LLC. SquareTwo is a Delaware corporation headquartered in Denver, Colorado.

11. SquareTwo is a leading purchaser of charged-off consumer debts. SquareTwo's filings with the SEC describe its business as follows:

> "Our primary business is the acquisition, management and collection of charged-off consumer and commercial accounts receivable that we purchase from financial institutions, finance and leasing companies, and other issuers in the U.S. and Canada. Charged-off accounts receivable, which we refer to as "charged-off receivables" or "accounts," are defaulted accounts receivable that credit issuers have charged-off as bad debt, but that remain subject to collection. We refer to a group of accounts as a "portfolio," and, once purchased, we refer to our owned charged-off receivables as our "purchases" or "purchased debt." We purchase portfolios from, and maintain active relationships with, seven of the top ten U.S. credit card issuers identified in the Nilson Reports, which is a leading source of news and proprietary research on the payment system industry. We believe that we are the largest purchaser of "fresh" charged-off credit card and consumer loan receivables in the U.S. . . . ."

2

12. After purchasing charged-off consumer receivables, SquareTwo turns the individual accounts over to its "Partner Network" to carry on collection activities against the consumers who allegedly owe the charged-off debts. SquareTwo has described this network as follows:

> In the U.S. we utilize our Partners Network, which has nationwide coverage. Individual law firms within our Partners Network will be referred to as a "franchise" or a "Partner" herein. . . .
>
> Our Partners Network
>
> Collection efforts on our U.S. purchased debt are primarily handled by our Partners Network. Under the terms of our franchise agreements, our franchises license our proprietary technology and perform recovery work on our behalf, on a substantially exclusive basis. We are under no obligation to provide accounts to any franchise. We pay our franchises a fee, which varies based upon their performance against our return assumptions and is subject to adjustment based upon the performance against our operational standards.

13. SquareTwo's primary business is the purchase and collection of allegedly defaulted consumer debt through the use of exclusively-contracted debt collection law firms using the mails, telephones, and other instruments of interstate commerce.

14. SquareTwo and its dba Cach LLC regularly collect or attempt to collect, directly or indirectly, consumer debts originally owed or due, or asserted to be owed or due another, which it purchases after alleged default.

15. SquareTwo and its dba CACH LLC are "debt collectors" as defined in 15 U.S.C. §1692a(6) and W. Va. Code §46A-2-122(d).

## FACTS

16. A number of years ago, Ron Harrison visited a Cabela's store in northern West Virginia.

17. While he was there, Mr. Harrison was convinced to apply to a Cabela's-owned and operated bank subsidiary, World's Foremost Bank, One Cabela Drive, Sidney, Nebraska, for a Cabela-affiliated VISA card.

18. After some period of time, Mr. Harrison told Cabela's he wanted to add Mrs. Harrison as an authorized user of his VISA card.

19. On information and belief, Cabela's wrongly, and in a discriminatory fashion, added and/or required Mr. Harrison to add Mrs. Harrison to the account as an additional obligor because of her status as his wife, instead of a simple authorized user as he wanted.

20. Moreover, this was done without compliance with the co-signer requirements of W. Va. Code §46A-2-104.

21. Cabela's was promptly informed of Mr. Harrison's tragic death in early 2012. Although properly notified of the claim filing deadline, Cabela's failed or refused timely to file a claim in Mr. Harrison's probate estate.

22. Instead, Cabela's began hounding Mrs. Harrison, falsely claiming she was personally liable as a co-borrower on the account.

23. On information and belief, the account was ultimately charged off.

24. On or about May 27, 2015, through its "Network Partner" law firm Taylor Law PLLC of Louisville, Kentucky, defendant SquareTwo dba CACH LLC filed suit against Mrs. Harrison in the circuit court of Putnam County, West Virginia. A true and complete copy of that lawsuit is attached as Exhibit 1.

25. This suit was served on Mrs. Harrison on or about June 22, 2015.

26. That lawsuit falsely alleges Mrs. Harrison was a "holder" of an account alleged to be related to Mr. Harrison's Cabela VISA account, and falsely alleges that Mrs. Harrison is liable to pay SquareTwo dba CACH LLC the amount of $3,665.14.

27. No party claiming rights concerning this account ever properly complied with the mandatory requirements of W. Va. Code §46A-2-106 prior to that filing.

28. Mrs. Harrison does not owe her deceased husband's account, nor is she lawfully chargeable for his account as a co-signer.

29. Moreover, Mrs. Harrison does not reside within the venue of the Putnam County, West Virginia Circuit Court, nor did the cause of action defendant alleged arise in Putnam County.

30. The receipt of that complaint devastated Mrs. Harrison emotionally since it brought to the forefront thoughts of Ron's sudden death and the overwhelming emotions and depression of that event.

31. As a result, Mrs. Harrison has been emotionally overwrought, tearful, distressed, unable to sleep, anxious, and brutally depressed since the date of service.

**FIRST CLAIM FOR RELIEF**

32. The account alleged in the lawsuit attached as Exhibit 1 constitutes a "debt" as defined by 15 U.S.C. §1692a (5).

33. Defendant SquareTwo dba CACH LLC, together and individually, knowingly have employed unfair, deceptive, and/or unconscionable debt collection practices against plaintiff Brenda G. Harrison, in violation of the prohibitions of the Fair Debt Collection Practices Act, including §1692d (harassment and abuse), §1692e (false or misleading representations), §1692f (unfair practices), and/or §1692 (unfair venue for debt collection action), to plaintiff's substantial injury.

**SECOND CLAIM FOR RELIEF**

34. The account alleged in the lawsuit attached as Exhibit 1 constitutes a "claim" as defined by W. Va. Code §46A-2-122(b).

35. Defendant SquareTwo dba CACH LLC, together and individually, have employed fraudulent, deceptive, false and/or misleading representations, and/or unfair or unconscionable

means, in collecting or attempting to collect that claim from plaintiff Brenda G. Harrison, in violation of the prohibitions of the West Virginia Consumer Credit and Protection Act, W. Va. Code §46A-2-127 and §46A-2-128, to plaintiff's substantial injury.

**WHEREFORE**, plaintiff asks that this Court award her all relief to which she may be entitled in law or equity, including:

a. her actual damages, including out of-pocket costs and damages for emotional distress,;

b. under the Fair Debt Collection Practices Act, statutory damages in the amount of $1,000.00 from SquareTwo and $1,000.00 from CACH LLC;

c. under the state claims, civil penalties in the amount of $4,800.00 against SquareTwo and $4,800.00 against CACH LLC for each separate violation of the WVCCPA;

d. plaintiff's litigation costs, and a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3) and W. Va. Code §46A-5-104.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

                                      **BRENDA G. HARRISON**
                                      **By counsel**

/s/ Gary M. Smith
Gary M. Smith WV Bar #12602
MOUNTAIN STATE JUSTICE
1031 Quarrier Street, Suite 200
Charleston WV 25301
T: (304) 344-3144
F: (304) 344-3145
gary@msjlaw.org
Counsel for Plaintiff